369 So.2d 346 (1978)
FLORIDA FARM BUREAU CASUALTY CO., Appellant,
v.
Suetta L. ANDREWS, As Personal Representative of the Estate of Thomas Larry Andrews, Deceased, et al., Appellees.
No. 78-183.
District Court of Appeal of Florida, Fourth District.
December 27, 1978.
Rehearing Denied April 25, 1979.
Marjorie D. Gadarian of Jones, Paine & Foster, West Palm Beach, for appellant.
Edna L. Caruso of Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellee Andrews.
DOWNEY, Chief Judge.
Appellant seeks review of an order of the trial court granting summary judgment for appellee, authorizing appellee to stack under-insured motorist coverage[1] and denying appellant's requested set-off of third party recoveries against the under-insured motorist carrier's liability.
The undisputed facts are that on October 8, 1975, Larry Andrews, while operating a pick-up truck, owned by Pic-Nic Tomato Farms, Inc., was involved in an accident with a station wagon and trailer. The station wagon was owned by Donofrio and driven by Terry. The trailer was owned by Diamond C Ranch. Terry had a $15,000/$30,000 liability insurance policy with Government Employees Insurance Company (GEICO); Donofrio had a $15,000/$30,000 liability policy with Allstate Insurance Company (Allstate) and the Diamond C Ranch had a $100,000/$300,000 liability policy with Reliance Insurance Company (Reliance). The pick-up truck, operated by Andrews, was owned by Pic-Nic Tomato Farms, Inc., and was insured by a fleet policy with Florida Farm Bureau Casualty Co. (Florida Farm Bureau), which provided coverage for six pick-up trucks owned by said corporation. The named insured in the *347 fleet policy was "Pic-Nic Tomato Farms and/or Larry Andrews." The fleet policy provided for uninsured motorist coverage on each of the trucks in the amount of $100,000/$300,000. In addition to the foregoing, Andrews personally owned a 1970 Buick which was also insured by Florida Farm Bureau under a policy which provided uninsured motorist coverage of $100,000/$300,000.
Suetta Andrews, as Personal Representative of her husband's estate, sued Donofrio, Terry, Diamond C Ranch and their insurance carriers, as well as Florida Farm Bureau, Andrews' uninsured motorist carrier. Plaintiff claimed she was entitled to recover against Florida Farm Bureau under the uninsured-under insured motorist coverage because the coverage furnished by Allstate, GEICO and Reliance was insufficient to cover the damages sustained. Both parties moved for summary judgment in the trial court on the question of the amount of under-insured motorist coverage available to the plaintiff-Andrews and the question of defendant's set-off. The plaintiff claimed she was entitled to $700,000 in under-insured motorist coverage comprised of $100,000 on Andrews' Buick and $600,000 on the six pick-up trucks owned by the corporation and that she was entitled to stack all of this coverage. The defendant, Florida Farm Bureau, conceded that the plaintiff was entitled to under-insured motorist coverage of $200,000 ($100,000 on the Buick and $100,000 on the pick-up truck Andrews was occupying at the time of the accident). In addition, the Florida Farm Bureau maintained it was entitled to set-off against the plaintiff's uninsured motorist's claim the amounts which the plaintiff recovered from workmen's compensation, PIP benefits, recovery against the tortfeasors, etc.
The trial judge granted a summary judgment to the plaintiff, holding that she was entitled to $700,000 in under-insured motorist coverage. He also held that the $700,000 available coverage "shall be excess over any benefits available to the plaintiff under any workmen's compensation law, personal injury protection benefits, ... or from the owner or operator of the uninsured owner vehicle... ."
We have reviewed the record and find no genuine issue of fact which would preclude entry of the summary judgment vis-a-vis the appellee's right to stack the coverage of the various vehicles on which the decedent was a named insured. It is unclear why he was listed on the policy as a named insured; we could speculate possibly that an error was made; however, there is no support in the pleadings or record for this conclusion. Thus, a reversal of the summary judgment is unwarranted.
Appellant's second point for reversal is that the trial court erred in holding that appellant was not entitled to a set off against appellee's claim for any workmen's compensation, personal injury protection and disability benefits and for benefits received from third party liability insurance. In this respect the order of the trial court stated in pertinent part:
"... [I]t is the finding of this Court that the Plaintiff is entitled to stack the $100,000.00 of underinsured motorist coverage on each of the seven vehicles insured by the two policies of insurance with FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY and that said insurance coverage in the total amount of $700,000.00 shall be excess over any benefits available to the plaintiff under any workmen's compensation law, personal injury protection benefits, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident as is provided by Florida Statute Section 627.727(1) F.S.A."
We are uncertain whether the trial court intended the appellant to have a right of set off for any other third party benefits received. But it is clearly the law of this *348 state as provided by the Legislature[2] that under-insured motorist coverage is to be treated as excess over any third party benefits such as workmen's compensation, personal injury protection, disability benefits and recoveries against insurance held by a tortfeasor. The language is not subject to ambiguity because the statute adds to the phrase "shall be excess over" the clarifying phrase "but shall not duplicate" those other benefits available. In Dewberry v. Autoowners Insurance Company, 363 So.2d 1077 (Fla. 1978), the Supreme Court settled any question as to the proper interpretation of that statutory section in holding that the under-insured motorist carrier is entitled to deduct from its liability the amount of those other third party benefits received by its insured.
The question of appellee's entitlement to equitable distribution regarding any of the third party benefits does not appear to have been presented to the trial court and, accordingly, we do not treat that question. The judgment appealed from is affirmed and the cause is remanded for further proceedings consistent with this opinion.
DAUKSCH and MOORE, JJ., concur.

ON PETITION FOR CLARIFICATION AND/OR REHEARING
DOWNEY, Chief Judge.
On Petition for clarification or rehearing appellees argue that appellant, the uninsured motorist insurance carrier, should not be entitled to a set-off for workmen's compensation benefits paid appellee.
This contention is incorrect. It is true that Dewberry v. Auto Owners Insurance Company, 363 So.2d 1077 (Fla. 1978), stated that the theory of uninsured motorist coverage is that uninsured motorist coverage is meant to compensate the plaintiff for a deficiency in the tortfeasor's personal liability insurance coverage. Hence, if the tortfeasor were insured to the same extent as the claimant, the tortfeasor's insurance carrier would not be entitled to a set-off for any benefits, workmen's compensation or otherwise, which the insured plaintiff was entitled to. However, this theory is modified by the clear statutory language of Section 627.727, Florida Statutes (1977), which in pertinent part provides:
"The coverage provided under this section (uninsured motorist coverage) shall be excess over, but shall not duplicate the benefits available to an insured under any workmen's compensation law ... ." (Emphasis supplied.)
While the stated theory behind uninsured motorist coverage supports the argument of appellee, the clear language of the statute must prevail. Therefore, appellant is entitled to set off the workmen's compensation benefits received by appellee.
With the foregoing clarification the appellee's petition for rehearing is denied.
DAUKSCH and MOORE, JJ., concur.
NOTES
[1] The accident in question occurred in 1975, thus Section 627.4132, Florida Statutes (1976), is not applicable.
[2] Section 627.727(1), Florida Statutes (1975).