366 So.2d 471 (1979)
Karl Barry MASTERS and Aetna Casualty & Surety Company, Appellant,
v.
Latona LESTER, Appellee.
No. KK-304.
District Court of Appeal of Florida, First District.
January 3, 1979.
Rehearing Denied February 14, 1979.
*472 Robert O. Wilhelm, Jacksonville, for appellant.
Wayne Hogan, Jacksonville, for appellee.
BOOTH, Judge.
This cause is before us on interlocutory appeal from the order of the Circuit Court in Duval County, granting partial summary final judgment in favor of appellee on her claim for uninsured motorist coverage. The sole question presented is whether the trial court correctly rules that amounts of insurance paid to the plaintiff for liability and for personal injury protection would not be set off against the available uninsured motorist coverage.
The facts are that plaintiff Lester was injured while a passenger in her own automobile which was being operated with her consent at the time of the accident by defendant Karl Barry Masters. Plaintiff's insurer, Aetna Casualty & Surety Company, afforded liability coverage for Masters under the omnibus clause of plaintiff's policy and paid plaintiff the $10,000 liability limits of that policy. Personal injury protection benefits were also paid plaintiff by her insurer in the amount of $5,000. Plaintiff then claimed uninsured motorist coverage which was determined by the court to be $20,000 in amount.[1]
The trial court held that, assuming plaintiff's damages equaled or exceeded $35,000, she would be entitled to the entire $20,000 uninsured motorist coverage, unreduced by the $15,000 previously paid under the same policy. We reverse.
The policy in question contains the following provision as to uninsured/underinsured coverage:
"LIMITS OF LIABILITY:
(b) Any amount payable under the terms of this coverage because of bodily injury sustained in an accident by a person who is an Insured under this Coverage shall be reduced by:
(1) All sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the Liability Coverage..."
We hold that under the above-quoted provision, amounts previously paid under the policy reduce the uninsured/underinsured coverage available under the policy. This is in accord with Florida Statute § 627.727(1), as most recently interpreted by the Supreme Court in Dewberry v. Auto Owners Insurance Company, 363 So.2d 1077, 1978. Rehearing denied November 28, 1978, holding that amounts paid the plaintiff under liability insurance covering the tortfeasor was set off against uninsured motorist coverage available for the same accident. Our decision is also in accord with the recent decision of the Third District Court in Aetna Casualty and Surety Company v. Ilmonen, 360 So.2d 1271 (Fla. 3d DCA 1978), wherein the court held that amounts paid to the plaintiff for liability and personal protection benefits would be set off against the uninsured motorist coverage, holding:
"Our decision entitles appellee to the full amount of coverage that her husband *473 purchased. The purpose of the uninsured/underinsured motorist coverage is to enable an insured to recover under his or her policy of insurance for damages that he or she would have been able to recover against the negligent motorist if that motorist had maintained a policy of liability insurance."
To like effect are the decisions of this Court in Main Insurance Company v. Wiggins, 349 So.2d 638 (Fla. 1st DCA 1977) and Hunt v. State Farm Mutual Insurance Company, 349 So.2d 642 (Fla. 1st DCA 1977); Evans v. Florida Farm Bureau Casualty Insurance Co., 355 So.2d 149 (Fla. 1st DCA 1978); Fidelity and Casualty Co. v. Moreno, 350 So.2d 38 (Fla. 3d DCA 1977) and Stuyvesant Insurance Co. v. Johnson, 307 So.2d 229 (Fla. 4th DCA 1975), cert. denied 316 So.2d 290 (Fla. 1975).
Accordingly, the judgment sought to be reviewed is REVERSED and the cause REMANDED for entry of a judgment consistent herewith.
McCORD, C.J., and MELVIN, J., concur.
NOTES
[1] This part of the decision below is not before us on appeal.