377 So.2d 242 (1979)
Milton G. CARTER, and His Wife, Linda Irene Carter, Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY and Eual T. Berry, Appellees.
No. NN-291.
District Court of Appeal of Florida, First District.
November 29, 1979.
Marvin A. Urquhart, Jr., Panama City, for appellants.
*243 Dayton Logue of Spear, Bennett, Logue, Burke & Blue, Panama City, for appellees.
PER CURIAM.
The Carters appeal the trial court's ruling that personal injury protection (PIP) and workers' compensation benefits are to be set off against their recovery of uninsured motorists (UM) benefits from Government Employees Insurance Company (GEICO). The Carters argue that a distinction should be made between duplication of benefits per se and duplicate compensation for specific items of damages. To the extent that PIP and workers' compensation benefits do not compensate for pain and suffering, for example, they do not duplicate coverage and therefore should not be set off. The Carters further argue that Chapter 79-241, Laws of Florida (1979) amending Section 627.727(1), Florida Statutes (1977), clarifies legislative intent and as such is a remedial statute and should be retroactively applied. Alternatively, they argue the amendment goes only to procedure and should be retroactively applied. We do not agree with any of these contentions. Therefore, we affirm.
This court has twice ruled that under Section 627.727(1), Florida Statutes (1977), PIP benefits are to be set off against the injured party's UM coverage. Masters v. Lester, 366 So.2d 471 (Fla. 1st DCA 1979), Evans v. Florida Farm Bureau Casualty Insurance Company, 355 So.2d 149 (Fla. 1st DCA 1978). Those decisions control our holding here. See also Aetna Casualty and Surety Company v. Ilmonen, 360 So.2d 1271 (Fla. 3d DCA 1978).
We are unable to distinguish between workers' compensation and PIP benefits and agree with the Fourth DCA that workers' compensation must also be set off against the UM coverage. Florida Farm Bureau and Casualty Insurance Company v. Andrews, 369 So.2d 346 (Fla. 4th DCA 1979).
Regarding the application of Chapter 79-241, Laws of Florida (1979), we are not persuaded that the statute is solely remedial or procedural.
It is a well-settled proposition of law that contracts are made in legal contemplation of the existing applicable law. Johnson v. Government Employees Insurance Company, 333 So.2d 542 (Fla. 3d DCA 1976), State v. City of Coral Gables, 72 So.2d 48 (Fla. 1964). Under the existing law at the time this insurance contract was entered into, PIP benefits and workers' compensation benefits were to be set off against uninsured motorist coverage pursuant to Section 627.727(1), Florida Statutes (1977). The amendment in Chapter 79-241, Laws of Florida (1979) makes it clear that these benefits are not to be set off against the UM coverage. This substantially changes the contractual obligations anticipated by the parties at the time of contracting. To retroactively apply this statute to an insurance contract entered into before its enactment would be an unconstitutional impairment of contract. Dewberry v. Auto-Owners Insurance Company, 363 So.2d 1077 (Fla. 1978).
Unless the statute clearly expresses a contrary intention, all legislation is presumed to have only prospective effect. Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla. 1975). Chapter 79-241, Laws of Florida (1979), expresses no such intent.
We recognize that courts may look to an act's title in interpreting the intent of the Legislature. Cook v. Blazer Financial Services, Inc., 332 So.2d 677 (Fla. 1st DCA 1979), Foley v. State, 50 So.2d 179 (Fla. 1951). However, the title's primary purpose is to give notice of the subject matter contained in the act. Pruitt v. State, 363 So.2d 552 (Fla. 1978), and the language of the title is not binding as to the meaning and application of the act.
Based on prior decisions of this court and those of our sister court as noted above, of which the Legislature is presumed to be aware, Main Insurance Company v. Wiggins, 349 So.2d 638 (Fla. 1st DCA 1977), Chapter 79-241, Laws of Florida (1979), is a substantive change in the law. We therefore, decline to give the statute retroactive *244 application and find our prior decisions controlling as to this case. AFFIRMED.
MILLS, C.J., and McCORD, J., concur.
ERVIN, J., dissents.
ERVIN, Judge, dissenting.
I would reverse. Giving effect to the clarifying language in Chapter 79-241, Laws of Florida, would not unconstitutionally impair existing insurance contracts since insurance companies were not justified in relying on any particular construction of Section 627.727(1), an ambiguous statute, and one which automobile-collision litigants have been struggling with since its inception.
In Dewberry v. Auto-Owners Insurance Company, 363 So.2d 1077 (Fla. 1978), the Florida Supreme Court construed the effect of an amendment to Chapter 627 which substantially altered the benefits available to insureds under uninsured motorists clauses of their policies. Here, the legislature has merely added language clarifying Section 627.727(1), by providing that "[o]nly the underinsured motorist's automobile liability insurance shall be set-off against underinsured motorist coverage." Before this court's opinion in Masters v. Lester, 366 So.2d 471 (Fla. 1st DCA 1979), and that of the Fourth District Court in Florida Farm Bureau Casualty Co. v. Andrews, 369 So.2d 346 (Fla. 4th DCA 1978), construction of the statute was certainly debatable.[1] For example, a literal interpretation of language in Dewberry, that "[t]he statute was . . intended to allow the insured the same recovery which would have been available ... had the tort-feasor been insured to the same extent as the insured . .," 363 So.2d at 1081, would result in a construction of the statute in the same way the clarifying language of Chapter 79-241 now demands: that tort-feasor liability insurance is set off, while other benefits are simply not to be duplicated in the uninsured motorist protection.
The title of Chapter 79-241, states that it is an act "clarifying legislative intent." The title inserted by the legislature before an act must be given "due weight and effect" in construing the act. Berger v. Jackson, 156 Fla. 251, 23 So.2d 265, 267 (1945). Moreover, subsequent legislation declaring the intent of an earlier statute is accorded great weight in a statute's construction. Red Lion Broadcasting Company v. F.C.C., 395 U.S. 367, 380-81, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969). Clearly we are free to recede from our earlier opinion in the face of remedial language in Chapter 79-241, clarifying the meaning of Section 627.727(1) as it was first enacted.
NOTES
[1] Masters, supra, was decided in January, 1979; Florida Farm Bureau, supra, in December, 1978. Chapter 79-241 was signed by the governor in June, 1979, effective October 1, 1979.