HENDRY, Judge.
This appeal arises out of a derivative claim filed in 1977 by appellant; the trial court dismissed the complaint. The record reflects that appellant’s wife received an arbitration award in the amount of Six Thousand, Five Hundred Dollars ($6,500.00) in 1976 under the UM coverage, and that a final judgment had also been entered in a personal injury protection (PIP) case brought by his wife, arising out of the same accident.[1] Under the provisions of the subject policy, Ten Thousand Dollars ($10,-000.00) is the UM policy limit for a personal injury claim and a derivative claim. See, Biondino v. Southern Farm Bureau Casual *101 ty Insurance Company, 319 So.2d 152 (Fla. 2d DCA 1975), cert. den. 330 So.2d 14 (Fla.1976).
Appellant herein contends that there remains as a balance on the policy’s $10,000.00 UM limit the sum of $3,500.00, upon which he has a right to make a derivative claim for loss of his wife’s services, consortium, companionship and society. We cannot agree.
Looking to the holding of our sister court in Masters v. Lester, 366 So.2d 471 (Fla. 1st DCA 1979), whereby it was determined that under a certain “limits of liability” provision (which is identical to the provision in the subject policy),[2] we see that the amounts previously paid under the policy reduce the uninsured coverage available under the policy. See also, Aetna Casualty and Surety Company v. Ilmonen, 360 So.2d 1271 (Fla. 3d DCA 1978) and Dewberry v. Auto Owners Insurance Company, 363 So.2d 1077 (Fla.1978).
Accordingly, in the case sub judice the total amount paid under the PIP benefits, as well as the UM arbitration award of $6,500.00, must be set off from the $10,-000.00 policy limits, as dictated by the “limits of liability” provision. Clearly, the UM coverage limit has been exhausted.
Affirmed.

. Actually, the wife had previously received PIP payments of $1,444.42 and the PIP judgment awarded $3,150.54.

. “Limits of Liability — Coverage D
“(b) any amount payable under the terms of this insurance because of bodily injury sustained in an accident by a person who is insured under this coverage shall be reduced by:
“(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the bodily injury liability coverage of the policy . . . ”