SCHWARTZ, Judge.
The taxpayer appeals from a declaratory judgment interpreting Section 212.17(3), Florida Statutes (1967),[1] as it applied to stipulated facts. We affirm.
At the time of the events, involved in this case,[2] the statute provided:
A dealer who has paid the tax imposed by this chapter on tangible personal property may take credit in any return filed under the provisions of this chapter for the tax paid by him on the unpaid balance due on accounts which during the period covered by the current return have been found to be worthless and are actually charged off for federal income tax purposes; provided, that if any accounts so charged off are thereafter in whole or in part paid to the dealer, the amount so paid shall be included in the first return filed after such collection and the tax paid accordingly, [e. s.]
The appellant attempted to claim credits under this provision for accounts which it had “found to be worthless” during the periods covered by the returns in which the claims were made, but which had been “actually charged off for federal income tax purposes” in prior periods. The trial judge, however, agreed with the position of the Department of Revenue that the statute required that the credit be claimed only in a single period in which both events occurred. So do we.
Purely as a matter of the rules of grammar, see Florida State Racing Commission v. Bourquardez, 42 So.2d 87 (Fla.1949); 30 Fla.Jur. Statutes § 93 (1974), it seems clear that the expression “which during the period covered by the current return” modifies and applies to both of the clauses which follow it. If the appellant’s contention were correct, the statute would have instead provided that a credit may be taken for “amounts which have been found to be worthless during the period covered by the current return and are actually charged off for federal income tax purposes.”
*259 Furthermore, we agree with the department that National Brands’ view would permit a taxpayer to write a bad debt off for federal income tax purposes and then claim the sales tax credit at any subsequent time — no matter how long af-terwards — it chose. This reading of the statute would render its timing provisions meaningless and superfluous, and is therefore not an acceptable one. See 30 Fla.Jur. Statutes § 118 (1974), and cases cited.
Finally, the appellant has, at most, raised an ambiguity in the language employed by the legislature. But it is established that Section 212.17(3), Florida Statutes (1967), provides only for a credit upon an otherwise existing tax obligation and thus constitutes an exception to the general sales tax law. Estate of W.T. Grant Co. v. Lewis, 358 So.2d 76 (Fla. 1st DCA 1978), aff’d., 370 So.2d 764 (Fla.1979). It is therefore essentially an embodiment of legislative grace[3] which must be strictly construed against the taxpayer and in favor of the taxing authority. State ex rel. Szabo Food Services, Inc. of North Carolina v. Dickinson, 286 So.2d 529 (Fla.1973); United States Gypsum Co. v. Green, 110 So.2d 409 (Fla.1959); State ex rel. Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381 (Fla.1958). The application of this rule to the issue before us renders the propriety of the construction adopted below all the more certain.
Affirmed.

. The provision was significantly amended by Chapter 78-23, § 1, Laws of Fla. (effective May 8, 1978).

. Ibid.

. See State ex rel. Brunswick Corp. v. Kirk, 204 So.2d 4 (Fla.1967), which held that there was no right to a sales tax refund as to repossessed property, without a statutory provision to that effect. The holding in Kirk apparently inspired the enactment of § 212.17(3).