387 So.2d 494 (1980)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Gerhard S. BERGMAN et al., Appellees.
No. 79-1702/T4-694.
District Court of Appeal of Florida, Fifth District.
August 27, 1980.
James O. Driscoll of Driscoll, Langston, Layton & Kane, P.A., Orlando, for appellant.
Anne C. Conway of Wells, Gattis & Hallowes, P.A., Orlando, for appellees.
DAUKSCH, Chief Judge.
This is an appeal from a judgment in an insurance case. There are two questions on appeal. First is whether the appellant insurance carrier was entitled to set off personal injury protection (PIP) benefits and medical payment benefits which that carrier had paid. The set-off would be against uninsured motorist insurance benefits paid to appellee by appellant. This case is quite similar to Carter v. Government Emp. Ins. Co., 377 So.2d 242 (Fla. 1st DCA 1979).
Section 627.727(1), Florida Statutes (1977), is the applicable statute and it has been interpreted to allow a set-off. Carter v. Government Emp. Ins. Co.; Masters v. Lester, 366 So.2d 471 (Fla. 1st DCA 1979); Evans v. Florida Farm Bureau Cas. Ins. Co., 355 So.2d 149 (Fla. 1st DCA 1978). See also Gaines v. Industrial Fire & Cas. Ins. Co., 378 So.2d 100 (Fla. 3d DCA 1979); Florida Farm Bureau Cas. Co. v. Andrews, 369 So.2d 346 (Fla. 4th DCA 1978), cert. denied, 381 So.2d 764 and 766 (Fla. 1980); Aetna Cas. & Sur. Co. v. Ilmonen, 360 So.2d 1271 (Fla. 3d DCA 1978).
In Carter, the court held Chapter 79-241, Laws of Florida, effective October 1, 1979,[1] cannot be applied "retroactively" because that would result in an unconstitutional impairment of contract. We disagree with Carter for the reasons Judge Ervin stated in his dissent and because we interpret section 627.727(1), Florida Statutes (1977), not to allow a set-off for PIP and medical benefits. When the Legislature in Chapter 79-241 enacted its clarifying statute, it did so in order to make it clear PIP and medical payments are not to be set-off. We agree with the Legislature that the 1977 statute could have been clearer, and the statute might have been ambiguous but the most logical and the fairest interpretation is to disallow a set-off for PIP and medical payment benefits. After all, the *495 insured paid for all three coverages: PIP, medical payments and uninsured motor vehicle coverage. Why should he not receive the benefits? Further, it is quite reasonable and proper for this court to interpret the statute as it existed before the clarifying legislation in Chapter 79-241 in a way to harmonize that prior statute with the current statute. This gives the credence to the Legislature which it is due, as well as preventing a wrong which would occur if we failed to interpret the statute in a just fashion. See Williams v. Hartford Cas. & Indem. Co., 382 So.2d 1216 (Fla. 1980). That portion of the judgment for declaratory relief which allows the set-off is reversed.
The second question is whether an insured who has once rejected full coverage under the uninsured motorist portion of the policy must again reject that full coverage when he buys a replacement vehicle. The evidence in this case is quite clear the replacement vehicle was no more than that, and there is no evidence of any additional premium being paid for full uninsured motorist coverage. Nor is there any evidence or law to support the insured's assertion that whenever an insured replaces a vehicle on his policy that the carrier must go through the full rejection routine regarding full PIP coverage, full uninsured motorist coverage or any other requirements which the statutes compel when the policy is first written. We reverse that portion of the judgment of the trial court which requires an uninsured motorist claim payment in any amount in excess of the initially agreed upon amount, which amount is reflected in the rejection when the policy was initially written.
The final summary judgment is reversed and this cause is remanded for further proceedings in accordance with this opinion and for the assessment of appropriate attorney's fees.
This decision conflicts with the Carter decision in the first point discussed above.
REVERSED AND REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] This enactment is entitled clarifying legislation and essentially adds the sentence: "Only the underinsured motorist's automobile liability insurance shall be set-off against underinsured motorist coverage."