PER CURIAM.
The summary final judgment entered herein is reversed and the cause is remanded for further proceedings, on the authority of State Farm Insurance Company v. Bergman, 387 So.2d 494 (Fla. 5th DCA 1980).
REVERSED and. REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., and JAMIESON, FRANCES ANN, Associate Judge, concur.
ON MOTION FOR CLARIFICATION
PER CURIAM.
In entering a summary final judgment for the appellant, Jerilyn Gallup Ne-duchal, in Neduchal’s action for injuries arising from an automobile accident, the trial judge ruled that section 627.4132, Florida Statutes (1979), prevented Neduchal from stacking uninsured motorist coverage under a policy issued to him upon the uninsured motorist coverage under a policy issued to Stapp, the owner of the car in which Neduchal was a passenger at the time of the accident. The apppellant points out that our prior opinion in this case did not indicate whether this ruling was correct. We hold, consistent with our opinions in Florida Insurance Guaranty Association v. Johnson, 392 So.2d 1348 (Fla. 5th DCA 1980), and Day v. United States Fidelity and Guaranty Corp., 388 So.2d 351 (Fla. 5th DCA 1980), that the statute does not prohibit the stacking of coverages under policies isssued to different named insureds, as in the case here.
Furthermore, as noted in our earlier opinion, the trial judge’s ruling that personal injury protection benefits can be set off against uninsured motorist coverage was incorrect. See State Farm Mutual Automobile Insurance Co. v. Bergman, 387 So.2d 494 (Fla. 5th DCA 1980). The motion for clarification is granted, and as clarified herein, we adhere to our original opinion. The final judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
*926 FRANK D. UPCHURCH, Jr. and SHARP, JJ., and JAMIESON, FRANCES ANN, Associate Judge, concur.