SHIVERS, Judge.
This is an appeal from a summary judgment holding that a carrier is obligated to secure a second rejection of uninsured motorist benefits and to offer a new personal injury protection deductible when an insured, who has previously rejected uninsured motorist coverage and has elected a personal injury protection deductible, purchases a replacement vehicle. We reverse.
On October 15,1977, the named insureds, Charles McCormick and Lucy Harrison McCormick, renewed their automobile insurance policy with Kenilworth Insurance Company for the period beginning October 20, 1977, and expiring October 20, 1978. The policy provided for a $2,000 personal injury protection deductible and a $10,-000/$20,000 liability coverage for a 1976 Ford pick-up and a 1967 Ford sedan. At the time of the renewal, the insureds rejected uninsured motorist coverage.
On February 13, 1978, a change-of-car endorsement was issued by the carrier which deleted the Ford sedan and added a 1972 Ford Gran Torino. At the time the change-of-car endorsement was issued, uninsured motorist coverage was neither requested nor rejected by the insureds and the coverage limits and premium amounts set out in the renewal policy issued in October 1977 remained unchanged. The endorsement expressly indicated that it formed a part of the renewal policy in which the insureds had rejected uninsured motorist coverage and elected the $2,000 personal injury protection deductible.
On July 16, 1978, appellee, a member of the insureds’ household, was involved in an accident while driving the Ford Gran Tori-no.
In rendering a partial summary judgment in favor of appellee and finding that the change-of-car endorsement was a new insurance policy, the lower court ruled that the carrier was obligated to secure a second rejection of uninsured motorist benefits pursuant to Section 627.727(1), Florida Statutes (1977), when the change-of-car endorsement was issued. Since there was no new rejection of uninsured motorist coverage obtained by the carrier at that time, the court held that the policy provided uninsured motorist coverage to the insureds in the same amount as the bodily injury liability coverage. Additionally, because a personal injury protection deductible was neither offered by the carrier nor selected by the insured when the change-of-car endorsement was issued, the lower court ruled there was no deductible under Section 627.-739, Florida Statutes (1977).
The lower court erred in ruling the carrier was obligated to secure a second rejec *1039 tion of uninsured motorist coverage when the change-of-car endorsement was issued. State Farm Mutual Automobile Insurance Company v. Bergman, 387 So.2d 494 (Fla. 5th DCA 1980). Section 627.727, Florida Statutes (1977), requires that an automobile insurance policy must contain uninsured motorist coverage in an amount not less than the personal injury liability limits of the policy unless uninsured motorist coverage is rejected by the insured. Section 627.727(1) provides, in part:
Unless the named insured, or lessee having the privilege of rejecting uninsured motorist coverage, requests such coverage in writing, the coverage need not be provided in or supplemental to a renewal policy when the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.
Bergman, supra, held that once an insured has rejected full coverage under the uninsured motorist portion of an insurance policy, a carrier is not required to secure another rejection of uninsured motorist coverage under Section 627.727(1) when the insured buys a replacement vehicle.
Under the facts of the present case, which are identical to the situation found in Bergman, supra, there was no change in either the amount of the premium or the amount of personal injury coverage as set out in the October 1977 renewal policy when the change-of-car endorsement was issued in February of 1978. Instead, the change-of-car endorsement was based upon and subject to the same terms and conditions contained in the October 1977 policy in which the insureds had rejected uninsured motorist coverage. Therefore, the trial court erred in ruling that the change-of-car endorsement constituted a new policy which, in turn, required the carrier to secure a second rejection of uninsured motorist coverage under Section 627.727(1) in order to avoid liability for payment of uninsured motorist benefits.
The trial court further erred in holding there was no personal injury protection deductible because the carrier did not offer a deductible and the insureds did not select a deductible at the time the change-of-car endorsement was issued. Section 627.736, Florida Statutes (1977), requires that personal injury protection benefits shall be provided to a limit of $5,000. Section 627.739(1), Florida Statutes (1977), requires a carrier to offer an insured a personal injury protection deductible in specified amounts upon the renewal of an existing policy. Here, the insureds elected a $2,000 deductible when they renewed their policy in October 1977. The lower court refused to recognize the deductible because the insureds were not offered a deductible when the change-of-car endorsement was issued. However, as discussed earlier, a change-of-car endorsement for a replacement vehicle is neither a renewal of a policy nor a new policy when subject to the terms and conditions of a previous policy and where the amount of premiums and coverage limits remain unchanged. State Farm v. Bergman, supra.
Therefore, the summary judgment is reversed and this case is remanded for further proceedings in accordance with this opinion.
SHAW and THOMPSON, JJ., concur.