JOANOS, Judge.
We find that the issue presented by the appellant in this case has already been decided by this Court in Carter v. Government Employees Insurance Co., 377 So.2d 242, cert. denied 389 So.2d 1108 (Fla.1980), and Finnocchio v. U.S. Fidelity & Guarantee Co., 389 So.2d 1246 (Fla. 1st DCA 1980), and must affirm the trial judge on that basis. Pursuant to Article V, § 3(b)(4), Florida Constitution (1980), however, we certify that this decision is in direct conflict with the Fifth District Court of Appeal’s decision in State Farm Mutual Automobile Insurance Co. v. Bergman, 387 So.2d 494 (Fla. 5th DCA 1980) and the Third District Court of Appeal’s decision in American Service Mutual Insurance Co. v. Wilson, 323 So.2d 645 (Fla.3d DCA 1976). Consequently, we ask the Florida Supreme Court to consider the following question:
Whether § 627.727(1), Florida Statutes (1978) requires that an insurer’s payment of personal injury protection benefits be set-off against the insurer’s uninsured (or underinsured) motorist coverage when the insured’s uninsured motorist claim does not seek recovery of any of the type *188 of benefits which would duplicate the benefits provided under personal injury protection.
MILLS, C. J., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.