HURLEY, Judge.
Causeway Lumber Company appeals from an order of the Comptroller of the State of Florida determining that Section 212.17(3), Florida Statutes (1977), precludes Causeway from obtaining a refund for certain taxes paid in 1975 and 1976. We affirm.
Section 212.17(3), Florida Statutes, (1977) provides:
A dealer who has paid the tax imposed by this chapter on tangible personal property may take credit in any return filed under the provisions of this chapter for the tax paid by him on the unpaid balance due on accounts which during the period covered by the current return have been found to be worthless and are actually charged off for federal income tax purposes; provided, that if any accounts so charged off are thereafter in whole or in part paid to the dealer, the amount so paid shall be included in the first return filed after such collection and the tax paid accordingly.
In 1974, 1975 and 1976, Causeway wrote off certain accounts as bad debts, but did not take advantage of the credit provision of Section 212.17(3). In September of 1976, Causeway unsuccessfully attempted to take credit for the sales tax paid on all accounts written off during this three year period. In 1978, Causeway applied for a refund of the excess taxes relying on Section 215.26, Florida Statutes, (1977), which allows a refund of overpaid or erroneously paid taxes. The hearing officer who originally heard the claim recommended approval of the application, but the Comptroller determined that there was no overpayment of taxes as contemplated by Section 215.26 and, therefore, that Section 212.17(3) was Causeway’s exclusive remedy.
Subsequent to the filing of this action, the legislature amended Section 212.-17(3), effective May 8, 1978, to provide that a dealer could take a credit or obtain a refund within twelve (12) months after the bad debt was charged off. The title of the bill amending this section states, in part, “An act ... extending the time period during which a dealer may take a credit for taxes paid on worthless accounts and allowing a refund for such payments.’’ Applying the rule of statutory construction that a court may look to the title of an act to interpret the intent of the legislature, Carter v. Government Employees Insurance Company, 377 So.2d 242 (Fla. 1st DCA 1979), cert. denied, 389 So.2d 1108 (Fla.1980), it appears that the legislature, by extending to 12 months the time for obtaining a credit, interpreted the prior statute as allowing a credit only for taxes paid on accounts charged off during the period covered by the return, and, by providing for refunds, determined that refunds had not previously been allowed. This conclusion is buttressed by the presumption that the legislature, by amending a statute, intends it to have a meaning different from that accorded it before the amendment. See Reino v. State, 352 So.2d 853 (Fla.1977).
In National Brands Tire Co. v. Department of Revenue, 383 So.2d 257 (Fla. 3d DCA), petition for review denied, 388 So.2d 1116 (Fla.1980), our sister court analyzed the pre-amendment version of Section 212.- *513 17(3). There the court characterized the statute as “an embodiment of legislative grace which must be strictly construed against the taxpayer and in favor of the taxing authority,” id. at 259, and, consequently, held that a credit could be claimed only in the single period of the current return in which (1) the debt was found to be worthless, and (2) the debt was actually charged off for federal income tax purposes. We agree with the rationale of National Brands and further conclude that the Legislature intended the credit provisions of Section 212.17(3) to be the exclusive method for recovering taxes paid on accounts subsequently written off as bad debts.
Section 215.26, Florida Statutes, is not applicable in this case. This is so because Section 212.06(1), Florida Statutes, provides that the full sales tax on credit, installment, or other deferred payment sales is due at the moment of the transaction. Thus, the tax paid by Causeway was neither overpaid, paid where no tax is due, or erroneously paid, as contemplated by Section 215.26.
Without the provisions of Section 212.-17(3), the amount of tax paid at sale would remain proper even after the account had been charged off, and a dealer would not be entitled to a recovery. For this reason, the credit provision of 212.17(3) cannot be used to invoke the general refund statute when, without 212.17(3), there would not be a method to recover any taxes paid on accounts subsequently charged off.
Affirmed.
DOWNEY, J., concurs.
LETTS, C. J., dissents with opinion.