BOYD, Justice.
This cause is before the Court on petition for review of the decision in Neduchal v. Allstate Insurance Co., 397 So.2d 925 (Fla.5th DCA 1981). Our acceptance of jurisdiction is predicated upon conflict with Carter v. Government Employees Insurance Co., 377 So.2d 242 (Fla.1st DCA 1979), cert. denied, 389 So.2d 1108 (Fla.1980).
Respondent was injured in an automobile accident, sustaining personal injuries costing in excess of $30,000. Respondent qualified as an insured under a policy of insurance issued by petitioner and including uninsured motorist coverage to a limit of $15,-000. Petitioner paid respondent $5,000 in Personal Injury Protection benefits. The dispute between the two parties was whether this $5,000 could be set off against the uninsured motorist coverage to determine the amount of uninsured motorist benefits owing to the injured claimant. The trial court held that the PIP benefits paid could be set off, and entered judgment for $10,-000. The district court of appeal reversed.
Section 627.727(1), Florida Statutes (1977), as it stood at the time of the accident in this case, pertained to uninsured motorist coverage and provided in pertinent part:
The coverage provided under this section shall be excess over, but shall not duplicate the benefits available to an insured under, any workmen’s compensation law, personal injury protection benefits, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident.
We have said that by this language the legislature “intended to allow the insured the same recovery which would have been *249 available to him had the tortfeasor been insured to the same extent as the insured himself.” Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077, 1081 (Fla.1978). In the present case, if the tortfeasor had liability coverage of $15,000, the injured claimant would be able to recover that amount and also $5,000 in PIP benefits from her own insurer, without set-off.
The statutory provision that uninsured motorist “coverage ... shall be excess over, but shall not duplicate . . . personal injury protection benefits,” was intended to allow a set-off in order to prevent the actual duplication of insurance benefits, but not to authorize such a set-off automatically.* Hartford Accident and Indemnity Co. v. Lackore, 408 So.2d 1040 (Fla.1982); State Farm Mutual Automobile Insurance Co. v. Bergman, 387 So.2d 494 (Fla. 5th DCA 1980), approved, 408 So.2d 1043.
We therefore approve the decision of the district court of appeal, reversing and remanding to the trial court for further proceedings.
It is so ordered.
ALDERMAN, C. J., and ADKINS, OVERTON, SUNDBERG and MCDONALD, JJ., concur.

 In 1979, the legislature enacted a clarifying amendment of section 627.727(1), so that the language corresponding to the above-quoted portion now provides:
The coverage provided under this section shall be over and above, but shall not duplicate the benefits available to an insured under, any workmen’s compensation law, personal injury protection benefits, disability benefits law, or any similar law; under automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident. Only the underinsured motorist’s automobile liability insurance shall be set-off against underin-sured motorist coverage.
Ch. 79-241, § 2, Laws of Fla.; see Morgan, Insurance, 208 J.Acad.Fla. Trial Law. 14 (1980).