Mr. Randy Miller Executive Director Department of Revenue Carlton Building Tallahassee, Florida 32301
Dear Mr. Miller:
This is in response to your request for an opinion on substantially the following question:
 TO WHICH ANNUAL PERIOD OF THE INSURANCE PREMIUM TAX SHOULD THE CORPORATE INCOME TAX CREDIT OF s 624.509(4), F.S., BE APPLIED?
Under s 624.509(3), F.S., the annual return for insurance premium tax is due on or before March 1 of the following year. Thus, the insurance premium tax for 1981 is due on or before March 1, 1982.
Under s 220.222(1), F.S., the annual return for corporate income tax is usually due on or before April 1 of the following year. Thus, the corporate income tax for 1981 is usually due on or before April 1, 1982.
Section 624.509(1), F.S., as amended by s 69 of Ch. 82-243, Laws of Florida, provides in pertinent part:
 In addition to the license taxes provided for in this chapter, each insurer shall also annually, and on or before March 1 in each year . . . pay to the Department of Revenue a tax on insurance premiums, risk premium for title insurance or assessments, including membership fees and policy fees and gross deposits received from subscribers to reciprocal or interinsurance agreements, and on annuity premiums or considerations, received during the preceding calendar year, the amounts thereof to be determined as hereinafter set forth . . . .
Section 624.509(4), F.S., as amended, in pertinent part provides that the income tax imposed under Ch. 220, F.S., which is paid by any insurer shall be credited against, and to the extent thereof shall discharge, the liability for the tax imposed by s 624.509, F.S., for the annual period in which the income tax payment is made.
Subsection (4) goes on to provide:
 For purposes of this subsection, payments of estimated income tax under chapter 220 shall be deemed paid either at the time the insurer actually files its annual return under chapter 220 or at the time said return is required to be filed, whichever first occurs, and not at such earlier time as such payments of estimated tax are actually made.
Since corporate income tax returns are not normally due until one month after the insurance premium tax returns are due, the question arises as to whether the Legislature intended that the corporate income tax credit, of say 1982, could only be applied to the 1983 insurance premium tax, or whether the corporate income tax credit of 1982 could be applied to the 1982 insurance premium tax if the corporate income tax return were filed and paid earlier than March 1, the due date of the insurance premium tax.
It must be remembered that s 624.509(4), F.S., provides only a credit upon an otherwise existing tax obligation and thus constitutes an exception to the general insurance premium tax. It is therefore essentially an embodiment of legislative grace which must be strictly construed against the taxpayer and in favor of the taxing authority. See, Estate of W.T. Grant Co. v. Lewis,358 So.2d 76 (1 D.C.A. Fla., 1978), aff'd, 370 So.2d 764 (Fla. 1979); National Brands Tire v. Department of Revenue, 383 So.2d 257 (3 D.C.A. Fla., 1980).
Likewise, it is clear that the Legislature intended to use the word `paid' and not `accrued,' as well as use the phrase `in which' as opposed to `for which.' Where the language of a statute is plain and unambiguous, it fixes the legislative intent, and effect should be given to the plain meeting of its terms. Platt v. Lanier, 127 So.2d 912 (2 D.C.A. Fla., 1967); Alligood v. Florida Real Estate Commission, 156 So.2d 705 (2 D.C.A. Fla., 1963); State v. Egan, 287 So.2d 1 (Fla. 1973).
In conclusion, therefore, and unless or until legislatively or judicially clarified or determined otherwise, I am of the view that s 624.509(4), F.S., provides a credit for the annual (calendar year) period in which the income tax payment is made. That is, the corporate income tax for 1982, paid on April 1, 1983, is a credit against the insurance premium tax for 1983 as reflected on the insurance premium tax return filed on March 1, 1984. Further, I am of the opinion that it does not matter what month in 1983 the corporate income tax is paid. The credit against the liability for insurance premium tax provided by s 624.509(4), F.S., is for the annual period in which, the corporate income tax is paid. That is, the corporate income tax for 1982, whether paid in January or February of 1983, is still a credit against the insurance premium tax for 1983, as reflected on the insurance premium tax return filed on March 1, 1984.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joseph C. Mellichamp, III, Assistant Attorney General