Ms. Robin L. Higgins Executive Director Department of Veterans' Affairs 2540 Executive Center Circle West Douglas Building, Suite 100 Tallahassee, Florida 32301
Dear Ms. Higgins:
You ask substantially the following question:
Does the removal of the reference in section 320.084(5), Florida Statutes, to "a `DV' motor vehicle license plate" mean that veterans with Disabled Veteran license plates are now subject to a fee or penalty for parking in any metered parking space?
In sum:
The removal of the reference in section 320.084(5), Florida Statutes, to "a `DV' motor vehicle license plate" does not mean that veterans with Disabled Veteran license plates are now subject to a fee or penalty for parking in any public metered parking space as section 316. 1964, Florida Statutes, for example, continues to prohibit, except as provided therein, a state agency, county, municipality, or any agency thereof from exacting a fee for parking on public streets or highways or in any metered parking space from a driver of a vehicle displaying a "DV" motor license plate if the vehicle is transporting the person with a disability to whom the plate was issued.
Section 320.084(1), Florida Statutes, authorizes the Department of Highway Safety and Motor Vehicles to issue one free motor vehicle license plate for use on any motor vehicle owned or leased by any disabled veteran who has been a resident of this state continuously for the preceding five years or has established a domicile in this state and who has been honorably discharged from the United States Armed Forces, upon application, accompanied by proof that:
"(a) A vehicle was initially acquired through financial assistance by the United States Department of Veterans Affairs or its predecessor specifically for the purchase of an automobile;
(b) The applicant has been determined by the United States Department of Veterans Affairs or its predecessor to have a service-connected 100-percent disability rating for compensation; or
(c) The applicant has been determined to have a service-connected disability rating of 100 percent and is in receipt of disability retirement pay from any branch of the United States Armed Services."
Section 320.084(5), Florida Statutes 1997, formerly provided that a county or municipality, or agency thereof, could not impose upon any person issued a "DV" motor vehicle license plate or a license plate with the international accessibility symbol any fee or penalty for parking in any metered or timed parking space except:
"(a) As provided in s. 316. 1964; or
(b) When the person is parked without a permit issued under s.320.0848 in a space designated for use by persons who have disabilities."
During the 1999 legislative session, however, the Legislature removed the reference to "a DV motor vehicle license plate" contained in section 320.084(5), Florida Statutes.[1] You state that this has resulted in the Department of Veterans' Affairs receiving reports that some local governments have begun fining veterans who have "DV" license plates and have parked their vehicles in metered spaces.
While the language relating to a "DV" motor vehicle license plate in section 320.084(5), Florida Statutes, has been deleted, section320.0848(2)(b) and (e), Florida Statutes, still provides:
"(b) License plates issued under ss. 320.084, 320.0842, 320.0843, and 320.0845 are valid for the same parking privileges and other privileges provided under ss. 316. 1955, 316. 1964, and526.141(5)(a).[2] (e.s.)
* * *
(e) A person who qualifies for a disabled parking permit under this section may be issued an international wheelchair user symbol license plate under s. 320.0843 in lieu of the disabled parking permit; or, if the person qualifies for a "DV" license plate under s. 320.084, such a license plate may be issued to him or her in lieu of a disabled parking permit."
Section 316. 1955(3), Florida Statutes, provides that if parking spaces are provided for self-parking by employees or visitors, or both, accessible spaces for persons with disabilities shall be provided in each such parking area. Such spaces are to be designed and marked for the exclusive use of those individuals who have severe physical disabilities and have permanent or temporary mobility problems that substantially impair their ability to ambulate and who have been issued either a disabled parking permit under, sections 316. 1958 or 320.0848, Florida Statutes, or a license plate under sections 320.084, 320.0842, 320.0843, or320.0845, Florida Statutes.
Section 316. 1964, Florida Statutes, provides for the exemption of vehicles transporting certain persons who have disabilities from payment of parking fees and penalties. While there are certain exceptions, subsection (1) of the statute states:
"A state agency, county, municipality, or any agency thereof, may not exact any fee for parking on the public streets or highways or in any metered parking space from the driver of a vehicle that displays a disabled parking permit or a license plate issued under s. 316. 1958 or s. 320.0848 or a license plate issued under s.320.084, s. 320.0842, s. 320.0843, or s. 320.0845 if the vehicle is transporting the person who has a disability and to whom the disabled parking permit or license plate was issued."[3] (e.s.)
Thus, despite the removal of the reference to "DV" motor vehicle license plates in section 320.084(5), Florida Statutes, the above statutes remain applicable to vehicles displaying a license plate issued under section 320.084, Florida Statutes, and provide a general exemption from the imposition of parking fees imposed by state or local government.
It is a fundamental principle that statutes are to be construed so as to carry out the legislative intent.[4] The title to Chapter 99-248, Laws of Florida, provides in pertinent part that the act amends "s. 320.084, F.S.; deleting obsolete provisions."[5]
Applying the rule of statutory construction that a court may look to the title of an act to interpret the intent of the Legislature, it appears that the Legislature did not intend to alter the current practice of generally exempting those persons with valid "DV" license plates from being subject to a fee or penalty for parking in any public metered parking space.
Accordingly, I am of the view that the removal of the reference in section 320.084(5), Florida Statutes, to "a `DV' motor vehicle license plate" does not mean that veterans with Disabled Veteran license plates are now subject to a fee or penalty for parking in any public metered parking space as section 316. 1964, Florida Statutes, prohibits, except as provided therein, a state agency, county, municipality or agency thereof from exacting a fee for parking on public streets or highways or in any metered parking space from a driver of a vehicle displaying a "DV" motor vehicle license plate if the vehicle is transporting the person with a disability to whom the plate was issued.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 29, Ch. 99-248, Laws of Florida. And see, s. 319, Ch. 99-248, Laws of Florida, providing that the act shall take effect upon becoming law. The Governor signed CS/CS/SB 1270 on June 8, 1999.
[2] And see, s. 526.141(5)(a), Fla. Stat., stating that every full-service gasoline station offering self-service at a lesser cost shall require an attendant employed by the station to dispense gasoline from the self-service portion of the station to any motor vehicle properly displaying, among others, a license plate issued pursuant to s. 320.084, Fla. Stat., when the person to whom such permit has been issued is the operator of the vehicle and such service is requested.
[3] But see, subsections (2)-(8) of s. 316. 1964, Fla. Stat., stating that notwithstanding the provisions of subsection (1), the driver may be:
"1) penalized for parking in clearly defined bus loading zones, fire zones, or access aisles adjacent to the parking spaces for persons who have disabilities, or in areas posted as "No Parking" zones or as emergency vehicle zones, or for parking in excess of the posted time limits (s. 316. 1964[2]);
2) subject to a parking fee in the same manner and amount as others are charged when a state, county, or municipal parking facility or lot is being used in connection with an event at a convention center, cruise-port terminal, sports stadium, sports arena, coliseum, or auditorium (s. 316. 1964[3]);
3) subject to the same restriction on the number of consecutive days parked a parking facility imposes on other vehicles (s. 316. 1964[4]);
4) subject to a maximum of 4 hours at no charge when an on-street parking meter restricts the duration of time that a vehicle may be parked although a local government may extend such time by local ordinance (s. 316. 1964[5]);
5) subject to the same fee as other vehicles in a parking facility that leases a parking space for a duration that exceeds 1 week (s. 316. 1964[6]);
6) subject to a parking fee at an airport that owns, operates, or leases parking facilities, or any other parking facilities that are used for the purpose of air travel, except that free parking must be granted to any vehicle with specialized equipment, such as ramps, lifts, or foot or hand controls, or for utilization by a person who has a disability or whose vehicle is displaying the Florida Toll Exemption permit (s. 316. 1964[7]); and
7) subject to a county's or municipality's fee for parking in a facility or lot that provides timed parking spaces any vehicle that displays a disabled parking permit, except for any vehicle with specialized equipment, such as ramps, lifts, or foot or hand controls, for use by a person who has a disability, or any vehicle that is displaying the Florida Toll Exemption permit (s. 316. 1964[8])."
[4] See, e.g., State v. Iacovone, 660 So.2d 1371 (Fla. 1995) (under standard rules of construction, it is court's primary duty to give effect to legislative intent of a statute).
[5] See, e.g., Carter v. Government Employees Insurance Company,377 So.2d 242 (Fla. 1st DCA 1979), cert. denied, 389 So.2d 1108
(Fla. 1980); Causeway Lumber Company, Inc. v. Lewis,410 So.2d 511, 512 (Fla. 4th DCA 1981); Long v. State, 622 So.2d 536 (Fla. 1st DCA 1993) (reference to title of legislative act is appropriate in determining legislative intent).