425 So.2d 98 (1982)
SENTRY INSURANCE A MUTUAL COMPANY, Appellant,
v.
Michael R. McGOWAN, et Ux., Appellees.
No. 82-661.
District Court of Appeal of Florida, Fifth District.
December 22, 1982.
Rehearing Denied January 20, 1983.
Reinald Werrenrath, III of Akerman, Senterfitt & Eidson, Orlando, for appellant Sentry.
R. David Ayers, Jr., of R. David Ayers, Jr., P.A., Winter Park, for appellees.
COWART, Judge.
This case involves the question of whether an insurer must offer uninsured motorist coverage each time the insured adds an additional vehicle to an existing policy.
In February of 1979 McGowan, as insured, took out an insurance policy with appellant Sentry Insurance A Mutual Company, as insurer, providing $100,000 liability coverage on a 1979 pickup truck. The insured signed a written rejection of uninsured motorist coverage in the same amount as the liability coverage, opting instead for $25,000 of uninsured motorists coverage. In May of 1979 the insured called the insurer on the telephone and requested a 1978 Chrysler be added to the policy. This was done, but no new written rejection of uninsured motorist coverage equal to the liability coverage was executed. In August of 1979, the policy was renewed and the declaration sheet listed both vehicles and stated $100,000 liability and $25,000 uninsured motorist coverage. In September, 1979, the insured again telephoned the insurer and added a travel trailer to the policy. The policy was amended to provide only collision and comprehensive coverage on the trailer. Again no new written rejection of uninsured motorists *99 coverage was obtained. The policy was again renewed in February, 1980, the declaration listing all three vehicles with $100,000 liability coverage and $25,000 uninsured motorists coverage. In August of 1980 Michael McGowan, an additional insured under the policy, was injured by an uninsured motorist in an accident involving the 1979 pickup truck and a controversy arose as to whether the insured's rejection was valid and the uninsured motorist coverage was only $25,000 or whether a new rejection of uninsured motorist coverage was required each time an additional vehicle was added to the existing policy and, this not being obtained, the uninsured motorist coverage was $100,000. On stipulated facts, the judgment on the pleadings was rendered against the insurer and in favor of the insured's position that the policy provided $100,000 of uninsured motorists coverage. The insurer appeals. We reverse.
At the time the policy was issued, the pertinent statute, section 627.727, Florida Statutes (1979), provided that no liability policy would be issued without equal uninsured motorist coverage being provided. The statute read "the coverage required under this section shall not be applicable when, or to the extent that, any insured named in the policy shall reject the coverage" and that "unless the named insured  requests such coverage in writing, the coverage need not be provided in or supplemental to a renewal policy when the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer."
Under the statute, when a "new" policy of insurance is entered into, a specific rejection of uninsured motorist coverage equal to the liability limits must be obtained or the uninsured motorist limits will be construed to be equal to the liability limits; but no new rejection of the higher limits of uninsured motorist coverage is required when the policy is renewed. Appellant insurance company contends that adding vehicles to an existing policy is closer to renewal; the insured contends that adding additional vehicles is, in effect, entering into a new contract of insurance and a new rejection should be required. In the factually similar case of Maxwell v. United States Fidelity and Guaranty Co., 399 So.2d 1051 (Fla. 1st DCA 1981), the first district held that the statute did not require a new rejection of uninsured motorists coverage every time an additional vehicle was added to the policy in that case. The court noted that the key question was whether the addition of vehicles to the policy constituted the policy a "new" policy rather than a "renewal" policy. The Maxwell court placed great emphasis on the fact that the policy in that case was a fleet policy and that the trial court specifically found that it was the intention of the parties that vehicles would be added and deleted regularly from the policy and that the rejection of uninsured motorist coverage would apply to all those vehicles. Notwithstanding the qualification that the Maxwell court placed on its own holding, we feel that the Maxwell court's statement of the test to be applied is applicable and controls this case. The court in Maxwell stated that the test for whether a new rejection of uninsured motorist coverage had to be obtained is "whether the `original policy' has been changed in any material respect." Maxwell, 399 So.2d at 1054, citing United States Fidelity and Guaranty Co. v. Waln, 395 So.2d 1211, 1214 (Fla. 4th DCA 1981). Both this court and the first district have held that merely replacing the insured vehicle with another vehicle, where the liability limits in the amount of the premium do not change, does not constitute a material variation in the policy requiring a new rejection of uninsured motorist coverage to be made. Kenilworth Insurance Co. v. McCormick, 394 So.2d 1037 (Fla. 1st DCA 1981); State Farm Mutual Automobile Insurance Co. v. Bergman, 387 So.2d 494 (Fla. 5th DCA 1980). We hold that the addition of new vehicles to an existing policy does not constitute a variation in the terms of the policy material enough to require a new rejection of uninsured motorist coverage each time an additional vehicle is added. Accordingly, the judgment on the pleadings determining the issue of insurance coverage in favor of the insured is
*100 REVERSED and the cause remanded for further proceedings.
ORFINGER, C.J., and DAUKSCH, J., concur.