GRIMES, Acting Chief Judge.
When appellant’s decedent first purchased his automobile liability policy from appellee on March 20, 1978, he elected to obtain $10,000 uninsured motorist coverage and rejected higher limits. Eleven months later, he was killed in an accident caused by the negligence of a third party motorist. With appellee’s permission, appellant settled her claim against the third party for his liability insurance limits of $25,000. She now claims entitlement to underinsured motorist benefits to the extent of the decedent’s $100,000 liability limits because in the interim he added two vehicles to his policy without specifically rejecting the higher uninsured motorist limits.
*591 Section 627.727, Florida Statutes (1977), specified that every automobile liability policy issued in the state should contain uninsured motorist coverage of comparable limits unless rejected by the insured but provided that a new rejection need not be given when the policy was renewed. At present, there is a split of authority over whether the addition of a vehicle to existing coverage constitutes such a variation of the policy as to require a new rejection of higher uninsured motorist limits. Compare Spaulding v. American Fire & Indemnity Co., 412 So.2d 367 (Fla. 4th DCA 1982) (rejection required) with Sentry Insurance A Mutual Co. v. McGowan, 425 So.2d 98 (Fla. 5th DCA 1982) (no rejection required). However, we need not join issue in this dispute. Here, the decedent’s policy provided fleet coverage which contemplated frequent changes in the insured vehicles. Thus, the case falls more nearly within the rationale of Maxwell v. United States Fidelity & Guaranty Co., 399 So.2d 1051 (Fla. 1st DCA 1981). We hold that the addition of a new vehicle to a fleet liability policy is not a material variation of the policy which requires a new rejection of uninsured motorist coverage.
AFFIRMED.
DANAHY and SCHOONOVER, JJ., concur.