LEHAN, Judge.
Plaintiffs appeal a judgment entered on a jury verdict for defendant. Plaintiffs argue that a separate rejection of uninsured motorist coverage pursuant to section 627.-727, Florida Statutes, is required when a vehicle is added to an automobile liability policy that contemplates the addition of vehicles, even if the insured previously rejected uninsured motorist coverage when the policy is issued. We disagree and affirm the judgment on the authority of Maxwell v. United States Fidelity & Guaranty Co., 399 So.2d 1051 (Fla. 1st DCA 1981), which is factually similar to the instant case and which contains what we believe to be sound reasoning. See also Cote v. American Fire & Casualty Co., 433 So.2d 590 (Fla. 2d DCA 1983).
Maxwell placed emphasis upon the fact that the policy in that case was called a “fleet policy.” The policy in the present case was not called a “fleet policy,” but did cover approximately 30 vehicles. Under the facts of this case we believe the absence of a “fleet policy” label on the policy to be irrelevant. See Sentry Insurance A Mutual Co. v. McGowan, 425 So.2d 98 (Fla. 5th DCA 1983).
Plaintiffs also contend that the insured’s rejection of uninsured motorist coverage was not a knowing and informed rejection as Florida courts have interpreted section 627.727 to require. However, under the facts of this case we believe the question was properly submitted to the jury. See Kimbrell v. Great American Insurance Co., 420 So.2d 1086 (Fla.1982).
We have considered the other contentions of plaintiffs and find no error.
AFFIRMED.
OTT, C.J., and GRIMES, J., concur.