460 So.2d 912 (1984)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellant,
v.
Terri GANT, a Minor, Etc., and Jack L. Gant and Donna Gant, Individually and As Personal Representatives of the Estate of Lisa S. Gant, Deceased, Appellees.
No. 83-1142.
District Court of Appeal of Florida, Second District.
September 26, 1984.
Rehearing Denied December 19, 1984.
Stephen E. Hooper of Fowler, White, Gillen, Boggs, Villareal & Banker, Fort Myers, for appellant.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for appellees.
DANAHY, Acting Chief Judge.
The defendant in this suit concerning uninsured motorist coverage appeals from an order granting the plaintiffs' motion for a partial summary judgment determining the issue of coverage in the plaintiffs' favor. We affirm in part and reverse in part.
On October 9, 1980, Terri and Lisa Gant, both minors, were hit by an automobile driven by Rolland Slatzer. As a result of the accident, Terri Gant was seriously injured and Lisa Gant was killed. For present purposes it is agreed that the cause of the accident was the negligence of Slatzer.
At the time of the accident, the childrens' father carried two automobile insurance policies with defendant/appellant (State Farm). One policy clearly provided uninsured motorist coverage of $50,000/$100,000 and, pursuant to a settlement agreement, State Farm paid the $100,000 limits under that policy less a small setoff for a portion of the liability limits under a policy covering Slatzer.
*913 This suit concerns the other State Farm policy. The plaintiffs sought a declaratory judgment that the two State Farm policies could be stacked and that the second policy provided $50,000/$100,000 in uninsured motorist coverage, the same limits as the bodily liability coverage, because there had been no valid rejection of that coverage when the policy was first written. Thus, the plaintiffs seek in this action a declaration that there is available an additional $100,000 in uninsured motorist coverage under their second State Farm policy. The trial judge granted the plaintiffs' motion for partial summary judgment, ruling in their favor on both points as a matter of law. This appeal followed.
The first issue concerns the application of section 627.4132, Florida Statutes (1983). That statute was first enacted by the legislature in 1976 and prohibited stacking of automobile insurance coverage. The statute was amended, effective October 1, 1980, to exclude uninsured motorist coverage from its purview. Accordingly, with the 1980 amendment, the statute no longer prohibits stacking of uninsured motorist coverage.
State Farm takes the position that because the policy involved in this case was renewed prior to October 1, 1980, the amended statute may not be retroactively applied to its preexisting contract so as to permit stacking without unconstitutionally impairing the obligations of the contract. We disagree.[1]
First, we observe that the question is not retroactive application of the statute, but current application to an existing contract. The legislature is free to enact such a law applicable to an existing contract unless the effect of the application is a denial of rights under the federal or Florida constitutions. The Supreme Court of the United States found no constitutional impediment to the application of a forum state's law permitting stacking to insurance policies written and issued in a neighboring state which prohibited stacking, where the policies obviously contemplated that they would not be stacked. Allstate Insurance Co. v. Hague, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981). Accordingly, we find that section 627.4132, as amended October 1, 1980, may constitutionally be applied to the State Farm policies issued to the plaintiffs. We hold that the trial judge was correct in ruling that the uninsured motorist coverage under the two policies may be stacked in this case.
Resolution of the second issue, however, requires reversal. On the motion by the plaintiffs for partial summary judgment, the trial judge had before him an affidavit by one of the plaintiffs, Jack L. Gant, and an affidavit by the State Farm agent from whom the State Farm policies were obtained. The Gant affidavit flatly states that Mr. Gant was never given the option of selecting uninsured motorist coverage in an amount equal to bodily injury liability coverage on the policy in question, and further states that "I did not knowingly reject uninsured motorist limits in a lesser amount than my bodily injury liability limits provided by the above described policy." The affidavit of the State Farm agent just as flatly states that Mr. Gant knowingly rejected uninsured motorist coverage equal to the bodily injury liability limits provided for in the policy. These affidavits demonstrate a genuine issue of material fact on the question of knowing rejection. It was error, therefore, for the trial judge to enter a summary judgment on that issue. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). It goes without saying that a trial judge may not, on motion for summary judgment, make evidentiary determinations involving the credibility of witnesses.
*914 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
CAMPBELL and SCHOONOVER, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Three months after oral argument in this case, the Fifth District Court of Appeal issued its opinion in Metropolitan Property & Liability Insurance Co. v. Gray, 446 So.2d 216 (Fla. 5th DCA 1984). The result in that case is directly contrary to the result which we have reached in the instant case. Now, seven months after the decision in the Gray case, the appellant has seen fit to bring this case to our attention and argue for rehearing based on the conflict.
We recognize and certify that our decision in this case is in conflict with the decision in Metropolitan Property & Liability Insurance Co. v. Gray. Except to that extent, appellant's motion for rehearing is denied.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978), involved the converse situation to the instant case and, in our view, is not controlling. In Dewberry, the court held that the prior statute prohibiting stacking could not constitutionally apply to a preexisting policy which permitted stacking. The policy holder had paid an increased premium for that coverage. Thus application of the statute would have diminished the value of his contract. That situation is not present in the case before us.