PER CURIAM.
The question presented on this appeal is whether section 627.727, Florida Statutes (1979), required the appellee insurer to obtain an affirmative rejection of uninsured motorist coverage in an amount equal to the bodily injury liability limits after the insured’s initial rejection by reason of the fact that insured automobiles were changed from time to time by endorsement and the appellant’s minor child was added as an additional insured. Appellant claims that such changes constituted the issuance of a new policy of insurance by the insurer, requiring a new affirmative rejection of the uninsured motorist coverage. The record reflects that the policy was renewed annually from its inception in 1975 to 1980, the date of the injury giving rise to this claim. We find that Sentry Insurance A Mutual Company v. McGowan, 425 So.2d 98 (Fla. *485 5th DCA 1983), is controlling on this issue. We do not consider the decision in Sentry Insurance to be inconsistent with our decision in Maxwell v. United States Fidelity & Guaranty Co., 399 So.2d 1051 (Fla. 1st DCA 1981). The order granting summary judgment for appellee is therefore AFFIRMED.
SMITH, ZEHMER and BARFIELD, JJ., concur.