PER CURIAM.
The trial court entered summary final judgment for the defendants declaring that no uninsured motorist coverage was available to the plaintiffs because of the application of the exclusion in the insurance policy issued to George W. Pohlman, stating that the uninsured motorist insurance does not apply “[t]o bodily injury suffered while occupying a motor vehicle owned by you ... but not insured for uninsured motorist coverage under this policy, or to bodily injury from being hit by any such vehicle.” The propriety of this judgment turns on whether this exclusion, valid at the time the policy was issued, but invalid at the time the cause of action under the policy arose, should apply. For the reasons which follow, we are of the view that the exclusion should not apply and that the summary judgment must be reversed.
In 1971, in Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla.1971), a substantially identical policy exclusion was declared to be contrary to the public policy expressed in Florida’s Financial Responsibility Law. The state of affairs after Mullís was that insurance policies could not validly prohibit stacking of uninsured motorist coverage.
In 1976, the Legislature first enacted Section 627.4132, Florida Statutes (Supp. 1976). The statute overrode Mullís by validating such policy exclusions and prohibiting the stacking of coverages in certain circumstances. See New Hampshire Insurance Group v. Harbach, 439 So.2d 1383 (Fla.1983). Between 1979 (the year in which the instant policy was issued) and 1982 (the date of the accident causing injury to Pohlman), Section 627.4132, Florida Statutes, was again amended so as to remove uninsured motorist coverage from the statutory prohibition on stacking.[1] By this amendment to the statute, the post-Mullis, pre-1976 state of affairs was restored — a prohibition against stacking of uninsured motorist coverage was invalid as against public policy.
Thus, because we deal only with a statutory change that again renders unenforceable as against public policy a provision of an insurance contract, we agree with the Second District in State Farm Mutual Automobile Insurance Co. v. Gant, 460 So.2d 912 (Fla. 2d DCA 1984), that where, as here, the accident occurred after this change in the statute, the prohibition *646 against stacking in the policy of insurance, albeit predating the statute, is unenforceable.[2] As did the court in Gant, we certify that our decision is in conflict with Metropolitan Property And Liability Insurance Co. v. Gray, 446 So.2d 216 (Fla. 5th DCA 1984).
We decide only that uninsured motorist coverage is available to the appellants on the three other vehicles owned by them and insured by the appellee Fireman’s Fund. We do not decide, since this question of fact has yet to be resolved in the trial court, whether the appellant did or did not knowingly reject higher available limits of uninsured motorist coverage.
Reversed and remanded for further proceedings.

. Section 627.4132, Florida Statutes (Supp. 1980), re-enacted in 1981 and in effect in 1982, provided:
"627.4132. Stacking of coverages prohibited. —If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, personal injury protection, or other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured’s or named insured’s vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply: "(1) To uninsured motorist coverage. "(2) To reduce the coverage available by reason of insurance policies insuring different named insureds.’’
The statute in effect at the time the policy was written, Section 627.4132, Florida Statutes (1977), provided:
"627.4132 Stacking of coverages prohibited. —If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured’s or named insured’s vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.”

. Our decision makes it unnecessary for us to address the appellants’ alternative claim that the endorsements and changes to the insurance contract after October 1, 1980, constituted the issuance of a new policy which incorporated the statutory amendment to Section 627.4132 effective October 1, 1980.