478 So.2d 25 (1985)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Petitioner,
v.
Terri GANT, a Minor, Etc., and Jack L. Gant and Donna Gant, Individually and As Personal Representatives of the Estate of Lisa S. Gant, Deceased, Respondents.
No. 66342.
Supreme Court of Florida.
September 26, 1985.
Rehearing Denied November 27, 1985.
*26 Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for petitioner.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for respondents.
McDONALD, Justice.
We have for review State Farm Mutual Automobile Insurance Co. v. Gant, 460 So.2d 912 (Fla. 2d DCA 1984), which the district court has certified as conflicting with Metropolitan Property & Liability Insurance Co. v. Gray, 446 So.2d 216 (Fla. 5th DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. The issue is whether a statutory amendment allowing an insured to stack uninsured motorist coverage in motor vehicle insurance policies may constitutionally be applied to a policy entered into before the effective date of the amendment and containing an antistacking provision. We hold such application would violate the constitutional restriction on the impairment of contracts and quash Gant.
On October 9, 1980 Rolland Slatzer drove an automobile which struck the Gants' minor children, Lisa and Terri. The collision killed Lisa and left Terri severely injured. Slatzer was responsible for the accident, but had minimal liability insurance to cover the damages. State Farm insured the Gants' two automobiles under separate insurance policies which forbid any stacking of uninsured motorist coverage from both policies. State Farm paid the $100,000 per accident uninsured motorist coverage limits from one of the policies to the Gants, less a setoff for the amount paid by Slatzer's liability insurer.
The Gants then sought a declaratory judgment that the uninsured motorist coverages under the two policies would stack and that the uninsured motorist coverage in the second policy would be $100,000 per accident rather than $30,000 as listed in the second policy because no knowing rejection of the higher limits occurred. The Gants relied on the amendment to section 627.4132, Florida Statutes (Supp. 1980), effective October 1, 1980, which allows an insured to stack uninsured motorist coverage limits. The trial court granted partial summary judgment to the Gants on both the stacking and higher coverage limits issues. The district court reversed and remanded on the coverage limits issue because a genuine issue of material fact which precluded summary judgment existed as to whether Gant knowingly rejected uninsured motorist coverage equal to the liability coverage limits of $100,000 in the second policy. The district court affirmed summary judgment on the stacking issue, holding that the amendment of section 627.4132 to permit stacking of uninsured motorist coverage could be constitutionally applied to insurance contracts in effect before the effective date of the statutory amendment. On rehearing the district court certified conflict with Gray on whether the stacking amendment could be retroactively applied.
State Farm contends that the amendment permitting stacking of uninsured motorist coverage cannot be applied to a preexisting contract without impairing the obligations of that contract in violation of article I, section 10 of the Florida Constitution. We agree and have so held in analogous cases. In Pomponio v. Claridge of Pompano Condominium Inc., 378 So.2d 774 (Fla. 1979), we held that section 718.401(4), Florida Statutes (1977), which provides for the deposit of rents into the registry of the court during litigation involving obligation under a condominium lease, had no effect on leases entered into prior to its effective date because allowing the statute's application would have impaired existing contracts. In State, Department of Transportation v. Edward M. Chadbourne, Inc., 382 So.2d 293 (Fla. 1980), we held that a 1976 amendment to section 337.143, Florida *27 Statutes (1974), could not be applied retroactively since to do so would result in an unconstitutional impairment of contract.
The district court cited only one case, Allstate Insurance Co. v. Hague, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981), to support its holding that no constitutional bar would prevent retroactive application of the stacking amendment. We find any reliance on Hague misplaced. The plurality opinion there determined that a choice of law decision in favor of stacking uninsured motorist coverage violated neither the fourteenth amendment nor the full faith and credit clause of the United States Constitution. Nowhere in Hague is any mention made of impairment of contract or retroactive application of a legislative amendment. Thus, Hague has no relevance to the issue presented here.
Our decision in Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978), is controlling. In Dewberry this Court held that applying section 627.4132 to prohibit the stacking of uninsured motorist coverage under an insurance policy renewed before the effective date of the antistacking statute would be an unconstitutional impairment of the preexisting insurance contract. The legislature could not reduce the insured's existing contractual right to $200,000 in uninsured motorist coverage down to $100,000 without infringing on the insured's constitutional right to freedom from impairment of contract. We cannot agree with the district court's attempt to distinguish Dewberry on the ground that the insured there had paid for the right to stack coverage and so the antistacking statute diminished the value of the insured's contract.
In the instant case the value of the insurer's contract has been diminished by exposure to between $30,000 and $100,000 in additional uninsured motorist coverage not bargained for by the parties. State Farm had a right to rely on the antistacking statute in determining its loss exposure. The insurer here will suffer a contract impairment to nearly the same extent as the insured would have suffered in Dewberry from retroactive statutory application there. The statutory amendment to permit stacking of uninsured motorist coverage may be constitutionally applied to preexisting contracts no more than the original antistacking statute could be applied retroactively. We approve Gray insofar as it refused to apply the stacking amendment retroactively.
For the reasons stated above, we quash the district court decision under review and remand for further consistent proceedings.
It is so ordered.
OVERTON, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., and ADKINS, J., dissent.