485 So.2d 418 (1986)
FIREMAN's FUND INSURANCE COMPANY, Petitioner,
v.
George POHLMAN, Respondent.
No. 67385.
Supreme Court of Florida.
March 27, 1986.
*419 Fred R. Ober and John J. O'Sullivan of Fowler, White, Burnett, Hurley, Banick and Strickroot, P.A., Miami, for petitioner.
Betsey E. Gallagher of Talburt Kubicki, Bradley and Draper, and William C. Merritt of Merritt, Sikes and Craig, Miami, for respondent.
ADKINS, Justice.
We have for review Pohlman v. Fireman's Fund Insurance Co., 471 So.2d 644 (Fla. 3d DCA 1985), which the district court has certified as conflicting with Metropolitan Property and Liability Insurance Co. v. Gray, 446 So.2d 216 (Fla. 5th DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
On March 1, 1979, Pohlman purchased an insurance policy from Fireman's Fund Insurance Company with an expiration date of March 1, 1982. At that time, section 627.4132, Florida Statutes (1977), provided that every uninsured motorist policy shall only cover the insured to the extent of the coverage the insured has on the vehicle involved in the accident. This law is commonly referred to as antistacking.
Accordingly, Pohlman's insurance policy contained an antistacking provision. Section 627.4132 was amended, effective October 1, 1980, to remove this restriction and allow an insured to collect uninsured motorist coverage on all of the vehicles covered under all of his insurance policies. This is commonly referred to as stacking. On February 27, 1981, Pohlman signed an endorsement which added a vehicle to his existing insurance policy. Consequently, Fireman's Fund charged Pohlman an additional premium of $3,669.
On or about February 13, 1982, Pohlman was injured in an accident while riding a motorcycle that was insured by another company. As a result, pursuant to the amended statute, Pohlman sought to stack his uninsured motorist coverage. Stacking would allow Pohlman to recover uninsured motorist coverage on all of the vehicles covered under the Fireman's Fund policy. Cf. Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971). (An insurance policy may not exclude uninsured motorist coverage protection to an insured who is occupying a vehicle owned by insured but not covered under the policy.)
*420 The trial court granted summary judgment to Fireman's Fund, finding that Pohlman was not entitled to stack his uninsured motorist protection coverage because of the antistacking provision in the policy. The Third District Court of Appeal reversed, finding that the statutory amendment allowing stacking of uninsured motorist coverage may be incorporated into a policy containing an antistacking provision and entered into before the effective date of the amendment. However, we recently rejected this argument in State Farm Mutual Automobile Insurance Co. v. Gant, 478 So.2d 25 (Fla. 1985), on the grounds that to do so would violate the constitutional restriction on the impairments of contracts found in article I, section 10 of the Florida Constitution.
In the alternative, Pohlman asserts that the changes made in the insurance contract on February 27, 1981, after the statutory amendment permitting stacking, were of such magnitude as to constitute the issuance of a new contract on that date. If a new contract was in fact entered into on February 27, 1981, it would incorporate the statutory amendment permitting stacking into its terms. Allison v. Imperial Casualty and Indemnity Co., 222 So.2d 254 (Fla. 4th DCA 1969). Thus, under this alternative, Pohlman would receive uninsured motorist benefits pursuant to coverage on the two vehicles covered under the original insurance policy and the vehicle added to the policy by way of endorsement.
As a less desirable alternative, Pohlman contends that the endorsement constituted the issuance of a separate and severable contract of insurance issued on the date of endorsement. Upon such a finding, Pohlman would be entitled to recover benefits to the extent provided on the additional vehicle. However, Pohlman would not be able to recover uninsured motorist coverage benefits to the extent provided on the two vehicles covered under the original policy due to the fact that we have already held that the application of the statutory amendment allowing stacking of uninsured motorist coverage to the vehicles covered under the original policy would violate the constitutional restriction on the impairment of contracts.
United States Fire Insurance Co. v. Van Iderstyne, 347 So.2d 627 (Fla. 4th DCA 1977), is directly on point. The court in Van Iderstyne was faced with the same question before us in the case at bar: whether an endorsement to an insurance policy incorporates into its terms a statute amended after the date of the original contract but before the subsequent endorsement.
In Van Iderstyne, the court determined that the addition of an automobile to an existing policy of insurance along with an additional premium constituted a separate and severable contract issued on the date of the endorsement. Similarly, we now hold that, under the facts of this case, the addition of an automobile to an existing policy of insurance along with an additional premium constitutes a separate and severable contract of insurance. Thus, Pohlman is entitled to recover uninsured motorist protection benefits pursuant to coverage on the vehicle added to the policy on February 27, 1981.
We note that those cases dealing with whether an endorsement to an insurance policy constitutes a new insurance policy or the renewal of the original policy for purposes of requiring an explicit rejection of uninsured motorist coverage are not controlling in this instance. See e.g. Sentry Insurance A Mutual Co. v. McGowan, 425 So.2d 98 (Fla. 5th DCA 1983), rev. den., 434 So.2d 888 (Fla. 1983); Maxwell v. United States Fidelity and Guaranty Co., 399 So.2d 1051 (Fla. 1st DCA 1981); Hartford Accident and Indemnity Co. v. Sheffield, 375 So.2d 598 (Fla. 3d DCA 1979).
It is possible that an endorsement which either adds a premium or adds both a premium and a vehicle constitutes the issuance of a new policy incorporating a statutory amendment into its terms. A court must examine the risk covered by the additional premium. In this instance, the fact that the increased premium is covering the risk involved with insuring an additional *421 vehicle leads to the conclusion that a separate and severable contract was entered into on the date of the endorsement. Conversely, if an additional premium was charged to reflect the risk of insuring all of the vehicles at increased liability coverage, the endorsement would constitute the issuance of a new contract incorporating the statutory amendment into its terms. In such a case, the risk covered would pervade the entire contract thus supporting a finding that a new contract was issued.
Accordingly, we quash that portion of the district court opinion holding that an antistacking provision in an insurance policy entered into before the effective date of the statutory amendment allowing stacking is void. We approve the decision of the district court insofar as it holds that Pohlman may stack his uninsured motorist coverage, but limit the decision by finding that Pohlman may only collect uninsured motorist coverage on the vehicle added to his policy after the effective date of the statutory amendment allowing stacking. We direct the district court to remand to the trial court for further proceedings consistent with our decision.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.