Carrie BEAUCHAMP and Shadrick Beauchamp, Minors, By and Through their Father and Next Friend, Richard BEAUCHAMP, Richard Beauchamp, individually, and Linda Beauchamp, Respondents,

v.

SOUTHWESTERN NATIONAL
INSURANCE COMPANY,
Petitioner.

No. 66293.

Supreme Court of Oklahoma.

Nov. 10, 1987.

Shelton Law Firm by Douglas J. Shelton, Oklahoma City, for respondents.

John W. Gile, Oklahoma City, for petitioner.

LAVENDER, Justice:

Respondents, the Beauchamps, initiated this action seeking recovery of damages resulting from an automobile accident involving a 1974 Jeep owned by respondents and a second, uninsured vehicle. Petitioner, Southwestern National Insurance Company, was named as a defendant in this action on the contention that petitioner was liable for uninsured motorist coverage on the 1974 Jeep by operation of law.

Following completion of discovery proceedings, both petitioner and respondents requested summary adjudication of the question of petitioner's liability for uninsured motorist coverage on the 1974 Jeep. The trial court, finding no controversy as to the facts surrounding the question of liability, ruled for respondents on that question. This ruling was certified for interlocutory review and petitioner requested writ of certiorari from this Court to secure review of the propriety of the ruling. We have previously granted the request for certiorari.

No contention has been raised by the parties as to the existence of a factual controversy concerning the ruling by the trial court. The facts before the trial court in conjunction with the interlocutory summary adjudication established that respondents were issued an automobile liability insurance policy by petitioner on August 13, 1983. This policy was to provide coverage for a 1975 Chevrolet automobile and a 1972 Dodge pickup. Respondents expressly rejected uninsured motorist coverage, as authorized by 36 O.S.1981 § 3636(F), as to this insurance policy. On September 5, 1983, respondents requested coverage for a 1977 Ford pickup to replace the 1972 Dodge pickup. Two months later respondents requested additional coverage for the

1974 Jeep involved in the subsequent accident. Petitioner provided the requested coverage for the vehicles by endorsement to the August 13, 1983 policy. Respondents were required to pay additional premiums in order to effectuate the additional coverage. Uninsured motorist coverage was not offered by respondent in conjunction with the insurance of the 1974 Jeep, nor was such coverage rejected in writing by respondents.

The question posed to this Court is whether the coverage of the 1974 Jeep constituted a new policy of insurance so as to trigger the provisions of 36 O.S.1981 § 3636(A), requiring the offering of uninsured motorist coverage, or whether the rejection of such coverage as to the August 13, 1983, policy was effective as to the coverage of additional vehicles added by endorsement to that policy.

Petitioner, in its argument in support of the position that the initial rejection was effective as to the coverage of the additional vehicle, relies on the case of *Hicks v. State Farm Mutual Automobile Insurance Company.*[1] In *Hicks,* this Court held that a waiver of uninsured motorist coverage was effective as to a policy later issued on a replacement vehicle, and which also added comprehensive and collision coverages. In so holding the Court reasoned that the later policy was in essence only a renewal of the first policy and that 36 O.S. 1981 § 3636(F) would therefore operate to keep the earlier rejection effective. This holding would clearly support petitioner's position.

The decision in *Hicks* however was made on a vote of five to three, with the three dissenting Justices joining in the views expressed in a strong dissent by Justice Simms. That dissenting opinion took the position that the use of the term "renewal"

in 36 O.S.1981 § 3636(F), applies only to actual renewals of an existing policy and could not be stretched to cover a situation involving new coverage for a different vehicle at different premiums and which added comprehensive and collision coverages. The dissent took the position that the coverage in such a situation would constitute a new policy of insurance which would require the offering of uninsured motorist coverage pursuant to 36 O.S.1981 § 3636(A). Respondents request that this Court now review the decision in *Hicks* and adopt the view expressed in the dissent.

In addition to the arguments presented regarding the *Hicks* case, both parties have relied upon cases from the State of Florida which they contend support their respective positions. Respondents have relied upon a line of cases consistent with the view taken by the dissent in *Hicks* which take the position that a new insurance policy results whenever additional coverage is requested which constitutes a material change from the original policy provisions.[2] These cases have espoused the view that the endorsement of an additional vehicle to an existing policy constitutes a material change from the original policy, and thus requires an offer of uninsured motorist coverage as to the additional insurance coverage.[3]

Similarly, the Supreme Courts of Delaware,[4] and Florida,[5] have recently indicated that a new policy of insurance results where different vehicles with different coverages and/or premiums are added to existing policies.

Petitioner has cited several cases from the Florida courts which it maintains support its contention that the addition of the 1974 Jeep did not constitute a new and separate policy requiring the offer of uninsured motorist coverage. Our review of

---

1. 568 P.2d 629 (Okla.1977).

2. *Hartford Accident and Indemnity Co. v. Sheffield,* 375 So.2d 598 (Fla.Ct.App.1979).

3. *United States Fire Ins. Co. v. Van Iderstyne,* 347 So.2d 672 (Fla.Ct.App.1977), see discussion in *United States Fidelity and Guaranty Co. v. Waln,* 395 So.2d 1211, 1214 (Fla.Ct.App.1981).

4. *State Farm Mutual Automobile Ins. Co. v. Arms,* 477 A.2d 1060 (Del.1984).

5. *Firemans Fund Ins. Co. v. Pohlman,* 485 So.2d 418 (Fla.1986).

those cases leads us to the conclusion that they do not support petitioner's contention under the facts of the present case. Those cases dealt either with the simple substitution of one vehicle for another under an existing policy,[6] or with the addition of a vehicle to a policy designed to cover a fleet of vehicles.[7] Under those circumstances the changes to the original policies were not material within the scope of the rule stated in *Hartford Accident and Indemnity Co. v. Sheffield.*[8]

■ In the present case respondents sought insurance for a vehicle separate and distinct from those initially insured under the August 13, 1983, policy issued by petitioner. The vehicle was not a substitute for one of those insured under the original policy. Petitioner required the payment of an additional premium to effectuate coverage of the additional vehicle. Thus the coverage of the 1974 Jeep had both an object of insurance and premium for that insurance distinct from the original policy. This would clearly appear to constitute a material change from the original policy for which uninsured motorist coverage was rejected.

■ In 36 O.S.1981 § 3636(F), the Legislature has set forth a narrow pronouncement which relieves insurers from the burden of procuring a written rejection of uninsured motorist coverage whenever an existing policy is renewed. This pronouncement, however, must be viewed in the context of the explicitly announced legislative policy set forth at 36 O.S.1981 § 3636(A) which is that uninsured motorist coverage *must* be offered with each policy of insurance. To give full effect to the overall policy of section 3636 the provision of subsection (F) must be viewed as strictly limited to true renewals of existing insurance policies, that is, situations where such renewals are made without effecting a material change or departure from the provisions of the original policy.

■ In furtherance of the policy of section 3636, we now adopt the view espoused by the dissent in *Hicks*, and find that the coverage of the 1974 Jeep constituted a policy distinct from that issued by petitioner on August 13, 1983. As such, the mandate of 36 O.S.1981 § 3636(A), required that uninsured motorist coverage be offered in conjunction with the coverage of the 1974 Jeep. Petitioner's failure to offer uninsured motorist coverage with the new policy, and the attendant failure to obtain a written rejection required by 36 O.S.1981 § 3636(F), resulted in the inclusion of uninsured motorist coverage as part of the policy by operation of law.

■ The trial court's summary adjudication of the question of petitioner's liability for uninsured motorist coverage is *AFFIRMED.* To the extent that the holding of the majority opinion in *Hicks v. State Farm Mutual Automobile Insurance Co.,*[9] is in conflict with the view adopted in this case, that holding is expressly overruled. We find that neither fairness nor principles of public policy require a purely prospective application of the change effected by the present decision. Respondents should be allowed the benefit of their successful challenge to the principle adopted in *Hicks.* Our pronouncement today shall be given effect in this case, and

6. *United States Fidelity and Guaranty Co. v. Waln,* supra note 3.

7. *Rhodes v. The Aetna Casualty & Surety Co.,* 437 So.2d 155 (Fla.Ct.App.1983); *Cote v. American Fire & Casualty Co.,* 433 So.2d 590 (Fla.Ct. App.1983); *Maxwell v. United States Fidelity & Guaranty Co.,* 399 So.2d 1051 (Fla.Ct.App.1981). An additional cited case, *Sentry Ins. v. McGowan,* 425 So.2d 98 (Fla.Ct.App.1982), applies the rule of *Maxwell* to a case involving the addition of an automobile to an existing policy, yet specifically rejects the *Maxwell* court's pronouncement limiting its rule to facts concerning fleet insurance policies. This would appear to render the result reached in *McGowan* questionable. But see *Graham v. United Services & Automobile Asso.,* 459 So.2d 484 (Fla.Ct.App.1984), finding no inconsistency between *Maxwell* and *McGowan.*

8. Supra, note 2.

9. Supra, note 1.

prospectively, to all insurance claims arising after mandate herein is issued.[10]

All the Justices concur.

**10.** *Snethen v. Oklahoma State Union,* 664 P.2d 377 (Okla.1983).