808 So.2d 1260 (2002)
John GASCH, Mark Gasch and Mary Gasch, as co-Personal Representatives of the Estate of Marion Gasch, deceased, Appellants,
v.
Barbara L. HARRIS and Progressive Express Insurance Company, Appellees.
No. 4D01-2719.
District Court of Appeal of Florida, Fourth District.
March 6, 2002.
Gary M. Farmer, Jr. of Gillespie, Goldman, Kronengold & Farmer, P.A., Fort Lauderdale, and Larry Moskowitz of Larry Moskowitz, P.A., Fort Lauderdale, for appellants.
Hinda Klein and Mara Shlackman of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for appellee Progressive Express Insurance Company.
NELSON, DEBRA STEINBERG, Associate Judge.
Appellants, as personal representatives of the Insured, appeal from the summary judgment granted in favor of Progressive entered on an action by the Appellants to *1261 recover uninsured motorist coverage for an automobile accident in which the Insured was killed.
In May 1998 the Insured purchased a policy of automobile insurance from Progressive. The policy was purchased to cover her 1996 Chevrolet Blazer and was intended to be in force for one year. The limitations of liability on the policy were $100,000 for each person, and $300,000 for each accident. Two months later, the Insured replaced the originally insured vehicle with a 1998 Chevrolet Blazer, but never signed a new waiver of uninsured motorist coverage. As a result of the replacement, the Insured's premiums increased. The liability limits of the policy, however, did not.
In late 2000, the Insured was involved in an automobile accident in which she was killed. The Appellants initiated a claim with Progressive for payment of uninsured motorist benefits. Progressive denied the claim. Appellants thereafter filed an action against Progressive seeking uninsured motorist coverage alleging that the replacement of the Insured's vehicle with the 1998 Blazer required Progressive to offer the Insured the opportunity to waive uninsured motorist coverage. Both parties filed motions for summary judgment. The court granted summary judgment in favor of Progressive and denied the Appellants' motion.
Appellants argue that the replacement of the Insured's 1996 Blazer with a 1998 Blazer, accompanied by an increased premium, worked to create a new contract of insurance as opposed to a renewal. As such, the Appellants argue that Progressive was required to offer the Insured a new waiver of uninsured motorist coverage. In primary support of the Appellants' theory, they cite, in part, to the dissent in Government Employees Insurance Co. v. Stafstrom, 668 So.2d 631 (Fla. 5th DCA 1996). Appellants' argument is misplaced.
In Stafstrom, the fifth district examined the question of whether or not the addition of an new vehicle under an existing policy of insurance required an offer of insured motorist coverage, id. at 632. In reaching their decision the Stafstrom court distinguished Fireman's Fund Insurance Co. v. Pohlman, 485 So.2d 418 (Fla.1986), as addressing an issue entirely unrelated to uninsured motorist coverage. See id. at 632-33.
Pohlman dealt exclusively with a question of statutory interpretation under section 627.4132, Florida Statutes (1999), dealing with antistacking provisions and their retroactive applicability. See id. at 419. The Supreme Court directly distinguished it from cases dealing with "explicit rejection of uninsured motorist coverage." Id. at 420 ("We note that those dealing with whether an endorsement to an insurance policy constitutes a new insurance policy or a renewal of the original policy for purposes of requiring an explicit rejection of uninsured motorist coverage are not controlling in this instance."). Therefore, Pohlman is distinguishable on its facts and lends no weight to the Appellants' argument.
The standard of review for summary judgment is de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). Section 627.727(1), Florida Statutes (1999) is controlling.
However, the coverage required under this section is not applicable when, or to the extent that, an insured named in the policy makes a written rejection of the coverage on behalf of all insureds under the policy.... Unless an insured, or lessee having the privilege of rejecting uninsured motorist coverage, requests such coverage or requests higher uninsured motorist limits in writing, the *1262 coverage or such higher uninsured motorist limits need not be provided in or supplemental to a renewal policy, or any other policy which renews, extends, changes, supersedes, or replaces an existing policy with the same bodily injury liability limits when an insured or lessee had rejected the coverage.

§ 627.727(1), Fla. Stat. (1999) (emphasis added).
Merely replacing a vehicle with another vehicle does not trigger the need to offer uninsured motorist coverage on an existing policy where the liability limits of the policy remain the same. See Sentry Ins. v. McGowan, 425 So.2d 98, 99 (Fla. 5th DCA 1982). An insured who has once rejected full coverage under uninsured motorist portion of automobile insurance policy need not again reject that coverage when he buys a replacement vehicle. See State Farm Mut. Auto. Ins. Co. v. Bergman, 387 So.2d 494, 495 (Fla. 5th DCA 1980). A mere substitution of automobiles with no additional changes in coverage constitutes the renewal of an existing policy. See United States Fid. & Guar. Co. v. Waln, 395 So.2d 1211, 1214 (Fla. 4th DCA 1981).
At issue in this case is the substitution of one vehicle for another. By definition, a substitution is an exchange of one thing for another thing of relatively equal value. By extension of that logic, the substitution of one vehicle for another under a policy of insurance is nothing more than a "change" which, by definition, does not require an offer of uninsured motorist coverage. See § 627.727(1), Fla. Stat. (1999).
Appellants rely heavily on the fact that Progressive charged an increased premium under the renewal; however, the increased premium was not due to an increase in the policy amounts. Under the amended statute, the legislature is clear that increases in bodily injury liability coverage are the deciding factor in policy premium increases, not, as here, increases due to the cost of insuring a newer model vehicle. See § 627.727(1), Fla. Stat. (1999).
This case represents nothing more than a substitution of one vehicle for another under an already existing policy of automobile insurance. The Insured previously executed a knowing waiver of uninsured motorist coverage. The underlying logic of Waln, Bergman, Kenilworth, and McGowan still provides viable concepts under which to evaluate when a policy change is a renewal and when an offer must be made. See Waln, 395 So.2d at 1211; see also Bergman, 387 So.2d at 494; Kenilworth Ins. Co. v. McCormick, 394 So.2d 1037 (Fla. 1st DCA 1981); McGowan, 425 So.2d at 98. Since a mere substitution occurred which constitutes a change under the amended statute, no offer of uninsured motorist coverage is necessary.
AFFIRMED
SHAHOOD and TAYLOR, JJ., concur.