2003 OK CIV APP 46

**MID–CONTINENT GROUP, a domestic insurance company, Plaintiff/Appellant,**

v.

**Melissa HENRY and Billy Henry, husband and wife, Defendants/Appellees.**

**No. 97,617.**

Court of Civil Appeals of Oklahoma, Division No. 4.

March 4, 2003.

Certiorari Denied May 13, 2003.

---

Truman B. Rucker, Truman B. Rucker, P.C., Tulsa, OK, for Appellant.

Donald E. Cummings, Cummings and Associates, Tulsa, OK, for Appellees.

JOHN F. REIF, Judge.

¶ 1 This case concerns the right of an insured to stack uninsured motorist coverage under an automobile insurance policy covering multiple vehicles, but also containing a per policy limit on uninsured motorist coverage. Upon the presentment of cross-motions for summary judgment by the parties, the trial court ruled that the insured could stack the uninsured motorist coverage. We review this matter on the record actually presented to the trial court.

¶ 2 The insureds argued that the uninsured motorist coverage was stackable because (1) the policy in question was a new policy that was issued after their original policy lapsed for nonpayment of the premium; (2) the new policy insured three vehicles, while the original policy insured only two; (3) no written election form or other notice concerning uninsured motorist coverage was provided to or executed by the insureds prior to the issuance of the new policy; and (4) uninsured motorist coverage was imputed to all three vehicles which, in turn, was stackable in the absence of prior written notification of the per policy limit. Insureds rely on *Withrow v. Pickard*, 1995 OK 120, 905 P.2d 800, and *Scott v. Cimarron Ins. Co.*, 1989 OK 26, 774 P.2d 456, to support this position.

¶ 3 Mid–Continent Group, the issuer of the policy, contended that (1) the policy was a "reinstatement" of the original policy, (2) the election and notices given the insureds at the time of the original policy show the insureds knew coverage was limited to a per policy basis, and (3) stackable uninsured motorist coverage is not required so long as the policy clearly informs the insureds about the per policy limit of coverage and only one premium for uninsured motorist coverage is charged and collected. Mid–Continent likewise relies on *Withrow* to support its position.

¶ 4 Mid–Continent correctly asserts that an insurer is not required to offer or sell

stackable uninsured motorist coverage. However, that is not the problem in this case. The problem is how to treat uninsured motorist coverage under a policy covering multiple vehicles when the insurer does not obtain a signed election concerning uninsured motorist coverage or give notice of a non-stacking limitation prior to issuing the policy.

¶ 5 In answering this question, we first reject Mid–Continent's contention that the new three-vehicle policy in question was simply a reinstatement or renewal of the original two-vehicle policy. The case of *Beauchamp v. Southwestern National Insurance Company*, 1987 OK 111, ¶ 10, 746 P.2d 673, 676, clearly teaches that the addition of the third vehicle resulted in a new policy and not a renewal. *Beauchamp* is also clear that an insurance company's "failure to offer uninsured motorist coverage with the new policy, and the attendant failure to obtain a written rejection required by 36 O.S.1981 § 3636(F), resulted in the inclusion of uninsured motorist coverage as part of the policy by operation of law." *Id.* at ¶ 12, 746 P.2d at 676.

¶ 6 Even though uninsured motorist coverage is for the benefit of people, the legislature expressly provided that it is tied to the issuance of insurance for "a motor vehicle." 36 O.S.2001 § 3636(A). Where multiple vehicles are insured, there must be uninsured motorist coverage for each vehicle. In the instant case, uninsured motorist coverage is imputed by operation of law to all three vehicles, because the policy was a new policy as to all three vehicles.

¶ 7 In the *Withrow* case, the Oklahoma Supreme Court took great care to distinguish *Withrow* from *Beauchamp* by noting "unlike the insureds in *Beauchamp*, Withrow *was* offered UM coverage with his new policy." 1995 OK 120, ¶ 19, 905 P.2d at 805. Given this fact, they concluded in *Withrow* "[t]he result reached in *Beauchamp* is unwarranted here [i.e., in *Withrow*]." *Id.* We find the result in *Beauchamp* is clearly warranted in the instant case.

¶ 8 However, the fact that uninsured motorist coverage is imputed to all three vehicles under *Beauchamp* does not *ipso facto*

mean such coverage is stackable. In this regard, we must apply the test in *Withrow:*

> Limiting an insurer's liability to single UM coverage, where multiple vehicles are insured under one policy, is not against public policy when only one premium is charged for UM coverage and the policy clearly shows that the insured intended to agree to such a limitation.

1995 OK 120, ¶ 23, 905 P.2d at 806. Under this test, an insurer must satisfy both the single premium requirement and demonstrate that the insured intended to accept a per policy limit.

¶ 9 In determining "intent" where a new policy is issued to replace an original policy, *Withrow* recognizes that there is a burden on "the insurer [to] inform the insured of *all* UM coverage options … regardless of the existence or amounts of UM coverage under the original policy." *Id.* at ¶ 22, 905 P.2d at 806 (emphasis added). The Oklahoma Supreme Court made it clear that an insurer's attempt to limit uninsured motorist coverage to a per policy basis, and avoid stacking of multiple coverage, is effective "only *after* [the insured is] armed with such information that an insured can make informed choices regarding UM coverage." *Id.* (emphasis added). In other words, notice of all UM coverage options and a per policy limitation must precede the issuance of the policy. Such prior notice is required "regardless of the existence or amounts of UM coverage under [a prior] policy." *Id.*

¶ 10 Where uninsured motorist coverage of multiple vehicles is imputed as a matter of law, and the insurer has not given any notice to the insured prior to the issuance of the policy of its intent to avoid stacking and limit its uninsured motorist coverage to per policy coverage, there can be no informed choice or intent to agree that uninsured motorist coverage on multiple vehicles will not be stacked. In such instances, the insured is entitled to stack uninsured motorist coverage on multiple vehicles insured by the policy.

¶ 11 We hold that the trial court did not err in ruling that the insured herein could stack the uninsured motorist coverage on the three vehicles insured by the policy in question. Accordingly, we affirm the judgment in favor of the insureds, allowing an additional recovery under the policy of $20,000.

¶ 12 AFFIRMED.

GOODMAN, P.J., and RAPP, J., concur.